Good morning, Your Honors. Brenton Aiken on behalf of Appellants. Your Honors, this is a very straightforward case involving legal questions, although there are, uh, straightforward is not the term that came to mind when I read this case. So straightforward in terms of involves legal questions. The facts, the underlying facts, um, are not so we haven't even gotten to the stage where those matter as much because we're talking about statutes, right? So let's law for many Court of Appeals that addresses this question about the tolling under Section 1367, right? Uh, not that I can see. Not that I found. I found the Supreme Court's case and artists where they use a strictly textual interpretation and you focus strictly on the but it says also under under subsection D, it says any other claim asserted in the same action that would strictly by the terms of that section applied to. Okay, let let me back up because I think the textual there's a few different ways to approach the text here. Um, ultimately, so, uh, 1367 D uses voluntary dismissal and then it uses dismissal. So it says at the same time or after the dismissal of the claim under subsection A, why wouldn't the dismissal doesn't include voluntary? It doesn't say voluntary dismissal. So why would we interpret dismissal to be the same as voluntary dismissal? That seems to be the problem here. If the district court had dismissed in the moon case, I don't think we'd have a problem, right? Right. Okay. Yeah, but here they didn't. The district court didn't dismiss. It was voluntary dismissal. And so isn't don't isn't one of the things we have to determine whether dismissal means something different than voluntary dismissal because voluntary dismissal is expressly mentioned as to any other claims that are voluntarily dismissed. Well, all the claims were voluntarily dismissed, including those that were asserted under subsection A. Now, just to be clear, all the claims were voluntarily dismissed in Holt 1. Right. In the moon case, they were not voluntarily dismissed. They were dismissed. They were dismissed by the court. No, they were dismissed when they when council. We filed a complaint denying the parties. So that issue has come. Hold on. This is so I was confused. They were voluntarily. But I thought I concluded that they were voluntarily dismissed in moon. Is that not true? Was it dismissed by the court in moon? No, they were voluntarily dismissed. So they were voluntarily dismissed in both cases. Right. So basically, the plaintiff saw it. And when I said plaintiff, I'm talking about whole filed a claim. Decided. They wanted to voluntarily dismiss and pursue those claims in the class in the putative class action. Right. There was some confusion there among. OK. Yeah. Admittedly, there must have been because this is confusing and then ultimately decided, oh, wait, we chose the wrong horse again. So we're going to voluntarily dismiss again and came back and tried to refile or did refile in an individual claim again. Is it do I have the do I have the facts right? Well, it makes it sounds like there was, you know, two jumping between horses. It's really there was just one one was the one that was, you know, that could the correct way. You voluntarily dismissed whole one to resolve whole sorry moon to resolve moon first. Just, you know, as a but then you decided you didn't need to resolve moon first. So then you jump back and said, no, we're going to go back to our individual claims on their own. No, as far as far as appellants involvement in moon. So moon did not. There were more parties involved in moon than just appellants. And that was, you know, really not the that was not the correct case for them to be involved with. Holt one would have been the right one. So effectively, Holt two is a refiling of Holt one. And moon was just, you know, it was it was. Yeah, but moon is your whole basis for tolling, right? Moon and Holt one. Both are federal. Both are. Oh, I see. Because you you would have tolling both. You're right. You would have tolling under both if your arguments corrected a voluntary dismissal. Correct. So let me let me see if I can orient myself because we've got Holt one. We've got moon. We've got Holt two. And I'm here talking about tolling with respect to 1983. I'm not talking about tolling with respect to the state law causes of action. If we're told for purposes of 1983 during Holt one, it appears to me that we're timely filed in Holt two for 1983, given the two year statute of limitations in 1983. Is that correct? Yes. So so so it would be enough for us to save the suit if we were to conclude that the claims in Holt one were other claims within the meaning of 1367 D. Is that correct? I believe so. I would need to go and double check and look at a timeline here. I made myself a little chart to help with that. But it would also be told under moon as well. Yeah, I did the math. And unless my math is wrong and my law clerk's math is wrong, it is sufficient to save your causes of action in 1983. If you get tolling for for Holt one for those who are participants in the litigation in Holt one, that would not save Lukens. Lukens Lukens would need moon. Right. Yes, that's correct. Okay. But is there a different argument? Because is there a different argument under 1367 for tolling under Holt one or moon? Because both of them depend on whether it seems to me as I'm trying to boil this down to what we're trying to decide. The question ultimately comes down to is a my reading of 1367. That should be enough. I don't see any other reason to impose another qualification. But you agree that that but the question is the same whether we analyze it under Holt one or moon. Right. Because in either case, it was the same fact. It's the same question about whether a voluntary dismissal was enough. Right. So far as section 1367 D is concerned, it's the same question with respect to Holt one and moon. And we agree that there's no disagreement that this can't we can't avoid this question because there's no tolling under California law. I mean, normally, when I first read this, I thought, well, wait a second, how could this not be told? Because you're pursuing the case, you're pursuing the claims in Holt one. But as I understand it, California law has said, if you file a new successive claim, you don't get tolling for the prior claim. I suppose there is, and I believe a predecessor case jinxed about whether the federal tolling provisions prevail over state tolling provisions that might reach a contrary result. And the Supreme Court said section 1367 D's stoling provisions, if it's right. No, but my only point is that this would all be resolved if California could have had a different rule that said you you're told during the pendency of your lawsuit, even when you have the prior lawsuit, when you file excessive a successive lawsuit. I imagine there's some states that allow that. California is not one of those states. California says, no, we will not toll those claims based on us, you know, based on the prior lawsuit. So the only my point is, the only way you get tolling, you don't get it under state law. You only get it under 1367. Is that I believe? Yeah, I believe it's crucial for for our purposes for appellates that we have we need 1367 because I think there's a strong argument under state law that the result would be different. You know, according to what appellates have argued. However, I don't believe that those laws apply. In this case, I believe that 1367 D applies as I've argued. Yeah, no, no, I totally get that. Now, Judge Nelson is focusing his argument in part on any possible distinction between voluntarily dismissed and dismissed. I thought the harder question was what's included in the term other claims, because the normal way for this to operate is we're talking about claims over which there's supplemental jurisdiction. It doesn't come up very often when it's the primary claim, the federal claim that gives the subject matter jurisdiction under federal question jurisdiction. And so my my my harder question actually is not that. My harder question is, do we read any other claim to include claims for which there was basically subject matter jurisdiction in the first place rather than supplemental? That is, say, the 1983 claims. And it strikes me that any other claim is so broad and without qualification that has to include claims such as 1983 claims and not merely supplemental claims. But to me, that's the harder question that that's my reading of it, because any other claim would have to be a claim other than a supplemental claim under subsection A. So, yeah, it would include Section 1983 claims, which gave the court jurisdiction in the first place. And I believe that that's what it's what Congress would have intended to. And how do you distinguish the Supreme Court's case in Ragour versus Regents of the University of Minnesota? Ragour? Versus Regents of the University of Minnesota, the Supreme Court case. Are you familiar with that case? Not off the top of my head, Your Honor. Okay. I guess I need to distinguish that on my own. If I could take a look at it off the top of my head, I'm not sure which case in which specific scenario you're referring to. I can offer some supplemental briefing. Okay, well, if we if we want supplemental briefing, we'll ask for it. No need to volunteer it. Yeah. I see that I'm running out of time. I'd like to reserve my time. Could you ask? Could I ask one question? Of course. I want to find out your take on this. Does 28 U.S.C. section 367 D, that grace period, would that grace period apply when the claims were refiled in federal and not state court? By its terms, there's nothing in the statute that says that it wouldn't. So it would. It would have to be, you know, a policy decision to say that it doesn't apply. If you were to say that it doesn't apply, if it was refiled in federal court, you would be making a policy decision. But by the terms of the statute itself, there's nothing in there that says that it doesn't apply. Okay. It's somewhat troubling to me. I'm not sure that I could write an opinion saying counsel says it must apply because I think it applies. What would be your analysis? It just seems to me it's a little strange to have this jump back and forth on the particular statute involved. Well, my analysis is based on just the text that is there. If it says that you get a 30-day grace period when it's refiled, and there's no qualification that says, but it must be refiled in state court, or but it must be filed. Well, how would one state, how would one unit give this to the other? It seems to me... Filed in this way or that way. I'm sorry, could you repeat that? I said your argument that you're making, I didn't quite understand because usually the federal court makes the rules for the federal court and the state court makes the rules for the state court. Your argument is that no, if either one of them do it, I get it. If the statute by its terms says you get the 30-day grace period without any further qualification, I can't think of any reason why it would not apply if you refile it in federal court. For example, in the type of situation that bar here, where you have some sort of confusion about which was the proper case to join, I think that's a good example of why you would need that 30-day grace period and why that would be the purpose of that statute is to prevent somebody's valid meritorious claims from being barred by a statute of the procedural way to go about vindicating those claims. But they were refiled in federal, not state court. Right. You think it doesn't make any difference? I can't think of a reason why it would make a difference unless I start putting my policy cap on and thinking, what would I do? What would I want? But I don't see anything in that statute and there's nothing that Congress demonstrated. It isn't the, and I'm sorry, I know we're taking you over, but it isn't the one hook that might give some credence to that unless state law provides for a longer tolling period. Doesn't that sort of suggest that they're focused on, you know, going back to state court? I read that as they're focused on helping the plaintiffs preserve meritorious claims and so that they're not barred by an unduly strict reading of a statute of limitation. So if there's a state court that provides a longer statute of limitation, but the federal one would be, you know, would be stricter, they want to have, you know, more access for the plaintiffs to have their cases vindicated. I don't think that suggests that they must file in state court. It's already a rule that the state statutes of limitation generally apply in section 1983 actions. So I don't think that it's suggesting that it must be refiled in state court. If they, if that's what Congress intended. Right. And now you're saying, yeah, the state statute of limitations apply, the state tolling provisions apply, except for this weird application of 1367. I don't know. I'm not sure where it all shakes out. 1367 is expressly on this topic. Congress has chosen to speak on that topic. If there was, if in that, you know, generally, yes, a state statute of limitation would apply. But in this situation, that would be an exception to that. Yeah. As long as we're taking you over, let me take you over just a little bit more. We've so far not been discussing the state law claims. And I think there's a possible argument that the state law claims are timely if we take into account the tolling based on COVID. Now, that was argued, then it was waived. But then it was argued again here, without any argument for the other side that is waived here. Is that argument properly in front of us? And if so... I don't believe that it was waived. Okay. Because it was argued before the district court below. Before the case was dismissed, the court was apprised of it. The appellees were apprised of it. To the extent that it was waived, waiver is a discretionary rule, not a jurisdiction. And there's been no argument on that point here that has been waived in this court. So they got to the merits. So my question is, if we get to the merits of it, are we in a position to decide, or should we remand for a determination below as to the effect of the so-called, I'll call it the COVID tolling? You are in a position to decide, but I leave that up to the court. Yeah, because there's been no decision on it yet. Right. I believe this court, because it's a purely legal question that's before this court, it might be more expedient to just decide it now. Okay. But that issue has to be addressed regardless of how we come out on the 1367, right? Right. Yes. And so if there's not waiver, if we don't find it waived, then we've either got to address it or remand it. Right. That's correct. Okay. Okay. Thank you. Now let's hear from the other side. We've taken you over, but we will give you a chance to respond. Good morning, Your Honors. Amir Raza on behalf of Appellees. May it please the court. I want to start with clarifying some of the factual discrepancies that may have come up during co-counsel or opposing counsel's statement. First, the Moon litigation was not voluntarily dismissed. It was dismissed for improper joinder. The court determined that you should never have been here. We're dismissing your claims. That was on the first amended complaint in Moon. Plaintiff then kept themselves in, regardless of the court's order, in the second amended complaint. The court again dismissed saying you really should not be here. And then plaintiff simply did not put their name on the caption on the third amended complaint. That's not a voluntary dismissal of any kind. Okay. So with that clarification, thank you, by the way. Thank you. That sort of takes away my argument that I was sort of trying to flesh out about whether dismissal means voluntary dismissal or just dismissal, because you acknowledge there is a dismissal. So really, we're back to what Judge Fletcher was talking about, about any other claim in the same action. That's really what we're trying to determine here. Yes, but I think fundamentally, you never get to 1367 and the tolling provision. This court and your honor mentioned the Ragour case. 1367 only applies where the district court says, I'm not going to exercise supplemental jurisdiction and essentially tells plaintiff to go back to state court. I want to push you back on that, on Ragour. I mean, it seems to me Ragour, that might be the rule, but Ragour seemed to expressly leave that question open. And I mean, because Ragour said, look, yeah, there's arguments here. We don't have to decide that because we think that the statute, you know, may or may not be ambiguous, but at best it's ambiguous. And that's not enough to defeat sovereign immunity. You have to have it clear to defeat sovereign immunity. So that's where the court went in Ragour. So, I mean, they said it's unclear, given that particular context, it's unclear if the tolling provision was meant to apply to dismissals for reasons unmentioned by the statute. So I don't know why that isn't just, you know, it doesn't answer the question for us, but I think it prohibits us from citing Ragour in an unpublished opinion saying that answers this question. And if Ragour stood alone, I would agree. Fortunately, from my side, I should say, this court sitting on Bonk addressed the issue in Smith versus Davis. 1367 is a statutory construction in which supplemental jurisdiction is established. I think that's pretty well laid out. The remainder of 1367 is read in that context. And in the Smith case, it says, look, dismissals under subsection B or C provide tolling because the purpose of 1367 is if this court, or, you know, if the district court declines to exercise jurisdiction, plaintiffs should not be left holding the bag because their statute ran while they were in federal court. Now, is that a textual argument or is that a policy argument you're making? That is an interpretation argument and is supported by Jinks and other Supreme Court case. How is that supported? I mean, how does Jinks help you on that? Again, it's just the entirety of reading that 1367 D is not read in a vacuum. No, I understand that. But how does Jinks help you? Here, the dismissal is not pursuant to any of the reasons listed in sections B or C of 1367. Yeah. It's not a declining of supplemental jurisdiction. But 1367 D just says voluntary dismissal. It does not specify a reason. It says when the primary claim is dismissed, but then it talks about other claims. As to Your Honor's point on that, I would agree that if 1367 applied and tolling was provided, it would also apply to the federal claims. I do not disagree with that position. My question is, or my statement is 1367 does not apply at all to toll in any way. Because? Because the dismissals are not pursuant to subsections B or C of 1367. They're not a declining of supplemental jurisdiction and B is diversity jurisdiction. You seem to draw that from the Smith v. Davis. And I will acknowledge if that was cited, I missed it. I missed focusing on this case. What that you're saying that decided this question or you're drawing from that? I am drawing from that. Okay. What's the citation on that? I mean, I can look it up, but. Of course, Smith v. Davis is 953 F3D 582. The specific citation is at 597. And that was the Ninth Circuit 2020 sitting en banc, as I mentioned. And that's, and that said that D only applies when you have dismissals under B or C? Correct. This is a statutory construction. 1367 is a entire statute. You don't read D in the absence of a dismissal under B or C. Okay. We also have the issue of a voluntary dismissal makes it as though the action was never filed. Right. And so when you voluntarily. Say that again. Voluntary dismissal, as here under 42A, makes it as though the action was never filed.  As though it had never existed. That's. Well, no, that can't be right. I mean, the fact that it was filed previously makes the, that's what triggers the whole tolling thing. It's not as if it was never filed. Plaintiff essentially, and I don't want to use the term abandonment. Plaintiff walks away from their claim. They don't automatically get tolling. And that's the Humphreys case from this circuit from 1959. I think the way to understand this case is there's a series of decisions by plaintiffs or appellants. They file Holt 1. Timely, admittedly timely on both the state law and federal claims. They realize, or the attorneys realize, wait a minute. Plaintiffs went to two attorneys. They filed two lawsuits. Okay, let's work out which lawsuit to keep. They kept Moon. I'm not sure why they should derive a benefit from Holt and the statute doesn't confer a benefit. Then go to Moon. Have the court tell them repeatedly, you're not supposed to be here. It's an improper joinder. They then dismiss Moon. Now, wait a minute. You say they dismiss? The court dismisses Moon. Yeah, yeah, okay. I thought you said the court dismissed her. And then plaintiffs don't do anything for a period of time until the following July. The dismissal in Moon is in November 4th. If you want to argue that all of this applies, we go back to November 4th, give them the 30 days, give them the additional two days that were left on the statute before they filed Holt 1. And you get to sometime in December 4th, not July, not July of 2020. That also removes the question of COVID tolling because we're still in 2019. COVID tolling doesn't kick in until April 6th. Putting COVID tolling to one side. If the Holt plaintiffs, leaving Lucas to one side, if the Holt plaintiffs are entitled to tolling for the period during which Holt 1 was pending, is Holt 2 timely filed? I believe so. Yeah. So the real question is, do they get credit for that? And what's the consequence of that filing and then voluntary dismissal? And do the Holt plaintiffs qualify as having brought any other claim within the meaning of 1367 D? Which I would suggest they do. And you say they don't. But if they do, then they get tolling. And then they're timely filed in Holt 2. Just to clarify, I do think they would get tolling on both the state and federal claims if you apply D. I don't disagree with counsel on that. Yeah. So the question is whether D applies. Correct. In a way, once we sort through all of this, it's fairly simple. Does 1367 D apply? I will say I was going to use the term. To the pending and then dismissal in Holt 1. Correct. And I was going to use the term straightforward as well. I struck it out after counsel said straightforward, and you guys disagreed. Yeah. But when you start through the simple issue, when you look at it that way. When we finish fighting our way through the underbrush, that's the question. That is the question. Does 1367 D apply at all? And if it does, then yes. Remand. There are other grounds. You know, Ms. Lucan's tort claim was late. I think her state law claims are gone either way. She did not make the six-month filing deadline for submitting her tort claim. That's in their brief. The dates are in there. Well, I think she's in trouble unless she somehow COVID tooling saves her. Right. Which you do not get to under our analysis. With that, I'll submit it. Let me ask you about the COVID tooling with respect to the state law claims. Nobody's decided the merits of that question. Why shouldn't we remand that for determination as to whether or not the state court tolling for COVID applies to the state law claims? So, again, you don't get to the COVID tolling window, which is April 6th through October 1st of 2020, unless something saves them first in 1367 D. Absent that, the statute runs well in 2019. So, if you don't get to 2020, you never have to address the issue of COVID tolling on state or federal claims. Yeah, that may be right, but nobody's told me that. No judge has told me that yet. Yeah, okay. If there's no other questions from the panel, I'll submit. Any further questions? No. Okay, thank you. Well, we took you over time. Would you like a minute in rebuttal? I don't feel like there's anything I could add that's not already in the briefs. Unless your honors have specific questions, I'd be happy to answer them. Okay, any questions? Okay, thank you. Oh, sorry. Go ahead. Well, I thought I heard a question from the bench. Okay, that's it. Thank you very much, both sides, for your argument in a complicated case. When you fight your way through the underbrush, maybe it isn't so complicated, but it takes a while to get there. Okay, thanks, both sides. Hold versus County of Orange submitted.
judges: WALLACE, FLETCHER, NELSON